UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL VALENTA and HENRY VAZQUEZ, individually, and on behalf of all other similarly situated,<br><br>                                    Plaintiffs,<br><br>v.<br><br>NAKED WHEY, INC., d/b/a NAKED NUTRITION,<br><br>                                    Defendant. | Case No.: 25-cv-1543-RSH-DEB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 7] |

Pending before the Court is a motion to dismiss Plaintiffs' Second Amended Class Action Complaint, filed by defendant Naked Whey, Inc., dba Naked Nutrition, ECF No. 7. As set forth below, Defendant's motion to dismiss is granted in part and denied in part.

**I.    BACKGROUND**

On June 17, 2025, Plaintiffs filed this putative class action against Defendant. ECF No. 1. On June 30, 2025, Plaintiffs amended their complaint as of right. ECF No. 3. On August 19, 2025, pursuant to a stipulation, Plaintiffs filed their Second Amended Class Action Complaint (the "SAC"), their operative pleading. ECF No. 6. The SAC alleges as follows.

Defendant, a corporation organized under the laws of Florida with its principal place

of business in Florida, manufactures and sells food products, including through retailers such as Amazon. ECF No. 6 ¶¶ 3, 18–19. Defendant sells various "Vegan Protein Powder products," including: Naked Pea, Naked PB, Naked Mass, Naked Shake, Naked Rice, Naked Almond, and Naked Seed (collectively, the "Products"). ECF No. 6 at 1. The lawsuit alleges that Defendant deceptively labels and markets the Products by misrepresenting the Recommended Daily Value of protein contained in each serving. *Id.*

Plaintiff Valenta is a California resident, and plaintiff Vasquez is a Florida resident. Plaintiffs purchased Defendant's Naked Pea protein powder from Amazon.com between November 2021 and June 2025. *Id.* ¶¶ 18–19. Plaintiffs allege generally that they saw, read, understood, and relied on Defendant's marketing representations before making their purchases. *Id.* ¶ 51. Apart from purchasing Naked Pea, Plaintiffs did not purchase any of the other Products. *Id.* ¶¶ 51–54.

The SAC alleges that Defendant makes claims about the amount of protein in the Products, but fails to disclose that such protein contained is not fully "bioavailable." *Id.* ¶¶ 43–45. Bioavailability refers to the degree to which protein can be utilized by the human body. *Id.* ¶ 23. Generally, animal-derived protein sources such as cow's milk, eggs, and whey, as well as soy, have a higher bioavailability; other plant-derived protein sources have a lower bioavailability. *Id.* ¶ 24. Scientists have developed a measure of protein bioavailability, the Protein Digestibility Corrected Amino Acid Score ("PDCAAS"). *Id.* ¶ 24–27. The Food and Drug Administration (the "FDA") requires that manufacturers who make certain claims about protein content or list a Daily Recommended Value for protein must use the PDCAAS method, adjusting the Daily Recommended Value for bioavailability. *Id.* ¶ 31.

Defendant allegedly lists a Daily Recommended Value on the Products that fails to account for PDCAAS or bioavailability, misleading consumers into believing that the entire amount of protein listed is fully bioavailable. *Id.* ¶ 39, 54. Plaintiffs allege that if they knew the truth, they would not have purchased Defendant's Naked Pea protein powder or would have paid a substantially reduced price. *Id.* ¶ 52.

Plaintiffs seek certification of a class consisting of "all consumers who purchased the Products within four years prior to the filing of the Complaint in this matter in the states of California and Florida." *Id.* ¶ 59.

The SAC asserts claims for (1) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §501.202; (2) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (3) unjust enrichment; and (4) breach of express warranty. *Id.* ¶¶ 78–108. Plaintiffs seek injunctive relief, equitable relief, and monetary damages. *Id.* at 22.

On September 2, 2025, Defendant filed a motion to dismiss the SAC. ECF No. 7. The motion is fully briefed. ECF Nos. 8 (Opposition), 9 (Reply).

## II.   LEGAL STANDARD

Defendant moves to dismiss pursuant to Rule 12(b)(1) for lack of standing, and Rule 12(b)(6) for failure to state a claim.

### A.   Standing

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III, Section 2 of the U.S. Constitution requires that a plaintiff have standing to bring a claim. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Article III standing requires that a plaintiff show that he or she has (1) "suffered an injury in fact" that is "concrete and particularized" and "actual or imminent," (2) "that is fairly traceable to the challenged conduct of the defendant," and (3) "that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016) (citing *Lujan*, 504 U.S. at 560). The plaintiff has the burden to establish standing, and at the pleading stage, "the plaintiff must clearly allege facts demonstrating each element." *Id.* (cleaned up).

### B.   Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When reviewing a motion to dismiss under Rule 12(b)(6), courts assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). But a court "disregard[s] '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Likewise, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)). "After eliminating such unsupported legal conclusions, [courts] identify 'well-pleaded factual allegations,' which [are] assume[d] to be true, 'and then [courts] determine whether they plausibly give rise to an entitlement to relief.'" *Telesaurus VPC*, 623 F.3d at 1003. Dismissal under Rule 12(b)(6) is proper where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

### III. ANALYSIS

Defendant argues that: (1) Plaintiffs lack standing to assert class claims relating to products they did not actually purchase; (2) Valenta, a California resident, fails to plausibly

allege a FDUTPA claim because the statute does not apply extraterritorially; (3) Plaintiffs failed to allege facts establishing that they lack adequate remedies at law, and thus failed to state claims for unjust enrichment; and (4) Vasquez does not adequately plead a breach of express warranty claim because he fails to allege privity with Defendant.[1] ECF No. 7-1 at 2–7. The Court addresses each of Defendant's arguments in turn.

### A. Standing

Defendant argues that the Court should dismiss Plaintiffs' claims relating to Products other than the Naked Pea protein powder that Plaintiffs bought, because Plaintiffs "do not and cannot allege that they have suffered any injury traceable to the labeling of" such products. ECF No. 7-1 at 2.

Plaintiffs argue that despite not having purchased products other than Naked Pea, they have standing to pursue claims based on other types of products because those products are "substantially similar" to the products that Plaintiffs purchased. ECF No. 8 at 3–5. "There is a split in authority among district courts in the Ninth Circuit whether plaintiffs have Article III standing to bring claims for products they did not personally purchase but that were purchased by unnamed class members." *Oh v. Fresh Bellies, Inc.*, No. CV 24-5417 PSG (JPRX), 2024 WL 4500727, at *4–5 (C.D. Cal. Oct. 15, 2024) (collecting cases). Although some courts inquire into "substantial similarity" of products and misrepresentations, this Court agrees with those courts concluding that such an inquiry is inconsistent with the doctrine of standing. *Id.* at *5. As stated by one district court, "[t]he similarity of a product, by itself, says nothing about whether a party suffered an injury traceable to the allegedly wrongful conduct of another." *See also Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 908–09 (C.D. Cal. 2021). "That a suit may be a class action ... adds

---

[1] In addition, Defendant moves to dismiss the CLRA claim of Vasquez, a resident of Florida, because Vasquez "does not allege any connection between his transactions and California." ECF No. 7-1. Plaintiffs appear not to oppose this request, stating that there was no intent to identify Vasquez as a class representative for California purchasers. ECF No. 8 at 8. The Court therefore dismisses Vasquez's CLRA claim.

nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (citation and quotation marks omitted).

Accordingly, Plaintiffs have standing to pursue their individual claims based on the Naked Pea protein powder they purchased but not based on other Products. *See also Oh*, 2024 WL 4500727, at *4 ("The similarity of a product, by itself, [does not explain how plaintiff] suffered an injury traceable to the allegedly wrongful conduct of another."); *Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396, at *4–5 (N.D. Cal. June 14, 2012) (holding that named plaintiffs did not have standing to bring claims on behalf of a proposed class related to products the named plaintiffs themselves did not purchase because they did not suffer a particularized injury); *Granfield v. NVIDIA Corp.*, No. C 11-05403 JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) ("[W]hen a plaintiff asserts claims based both on products that she purchased and products that she did not purchase, claims relating to products not purchased must be dismissed for lack of standing.") (citation omitted). At the class certification stage, the Court will decide whether Plaintiffs may serve as class representatives for a class that includes purchasers of other Products.

**B. Adequacy of Pleading**

***1. FDUTPA Claim***

Defendant argues that "[p]laintiff Valenta—a California consumer—cannot bring a claim under [FDUTPA]" because the statute does not apply to purchases made in California. ECF No. 7-1.

FDUTPA "protect[s] the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202. FDUTPA "seeks to prohibit unfair, deceptive and/or unconscionable practices which have transpired

within the territorial boundaries of [Florida] without limitation." *Millennium Commc'n & Fulfillment, Inc. v. Off. of Att'y Gen., Dep't of Legal Affairs, State of Fla.*, 761 So. 2d 1256, 1262 (Fla. Dist. Ct. App. 2000). The plain language of FDUTPA does not limit its application to injuries only occurring in Florida. *See* Fla. Stat. § 501.202.; *Millennium*, 761 So. 2d at 1262 ("[T]here are no geographical or residential restrictions contained in the express language [of FDUPTA]."). However, "the state appellate decisions addressing the issue of extraterritorial application of FDUTPA appear to produce conflicting results." *See Molinos Valle Del Cibao, C. Por A. v. Lama*, No. 07-23066-CIV, 2008 WL 11333544, at *2–3 (S.D. Fla. Oct. 22, 2008).

In the Court's view, the weight of authority indicates that where the deceptive conduct occurs within the State of Florida, FDUTPA is not limited to Florida purchasers. *See Millennium*, 761 So.2d at 1261–62; *see also Goodwin v. Am. Equip. Leasing, LLC*, No. 6:10-CV-1876-ORL-GJK, 2012 WL 13102266, at *3 (M.D. Fla. Aug. 29, 2012) ("[I]n order for an out-of-state consumer to have standing to assert a FDUPTA claim they must plead sufficient facts showing a nexus between the offending conduct and the territorial boundaries of the state of Florida."); *Barnext Offshore, Ltd. v. Ferretti Grp. USA, Inc.*, No. 10-23869-CIV, 2012 WL 1570057 (S.D. Fla. May 2, 2012), at *5–6 ("[T]he Court finds nothing in *Millennium* suggests that the FDUTPA applies only when conduct occurs entirely within Florida."); *Karhu v. Vital Pharms.*, Inc., No. 13-60768-CIV, 2013 WL 4047016, at *10 (S.D. Fla. Aug. 9, 2013) ("[T]he Court concludes that FDUTPA applies to non-Florida residents if the offending conduct took place predominantly or entirely in Florida.").

Here, the SAC alleges that Valenta, prior to her purchases, reviewed the label and Nutrition Facts panel, as well as similar misrepresentations that Defendant made on Amazon.com. ECF No. 6 ¶¶ 41, 51. The SAC alleges that all decisions by Defendant regarding labelling of the Products were made at Defendant's principal place of business in Florida. *Id.* ¶ 3. The Court determines that it is reasonable to infer that the alleged misconduct occurred in Florida, and concludes that the SAC adequately alleges a FDUTPA

claim as to Valenta. *See Karhu*, 2013 WL 4047016, at *10 (concluding that plaintiff adequately pleaded a FDUTPA claim based on allegations that defendant, a Florida corporation with its principal place of business in Florida, made the misrepresentations on its own product label and website); *2P Com. Agency S.R.O. v. Familant*, No. 2:11-CV-652-FTM-29, 2012 WL 6615889, at *4 (M.D. Fla. Dec. 19, 2012) (denying defendant's motion to dismiss plaintiff's FDUTPA claim where "defendant makes no allegations that the alleged fraudulent conduct alleged . . . occurred anywhere other than Florida").

### 2. *Breach of Express Warranty*

Defendant argues that Vasquez's breach of express warranty claim should be dismissed because "[u]nder Florida law, the plaintiff must be in privity with the defendant to recover for breach of express warranty," and Vasquez has not alleged privity. ECF No. 7-1 at 7–8.

"To state a claim for breach of express warranty under Florida law, 'a complaint must allege: (1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty.'" *Egbebike v. Wal–Mart Stores East, LP*, No. 3:13-cv-865-J-34MCR, 2014 WL 3053184, at *5 (M.D. Fla. July 7, 2014) (quoting *Jovine v. Abbott Lab'ys, Inc.*, 795 F. Supp. 2d 1331, 1340–41 (S.D. Fla. 2011)). Under Florida law, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Fla. Stat. §672.313(1)(b).

"Florida law reveals no clear rule about whether privity is required in every Florida express warranty claim." *Jackmack v. Bos. Sci. Corp.*, No. 2:20-CV-692-SPC-NPM, 2021 WL 1020981, at *1 (M.D. Fla. Mar. 17, 2021) (quoting *Godelia v. Doe 1*, 881 F.3d 1309, 1321 (11th Cir. 2018)); *see Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1341–1343 (S.D. Fla. 2009) (describing the privity requirement in Florida express warranty claims as "a moving target"). Several district courts in Florida have determined that a plaintiff adequately alleged a claim for breach of express warranty despite an absence of privity in cases concerning deceptive labels on food products. *See Smith*, 663 F. Supp. 2d

at 1343; *Fitzpatrick v. Vital Pharms., Inc.*, No. 20-61121-CIV, 2021 WL 6776238, at *7 (S.D. Fla. June 7, 2021); *Bohlke v. Shearer's Foods*, LLC, No. 9:14-CV-80727, 2015 WL 249418, at *11 (S.D. Fla. Jan. 20, 2015); *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1388–89 (S.D. Fla. 2014). In *Smith*, the court's rationale was that it would be unfair to hold that plaintiff could not recover from the party who was responsible for the label and had reason to know that it was false. 663 F. Supp. 2d at 1343. This Court joins these decisions and concludes that Vasquez states a claim for breach of express warranty based on the allegedly deceptive labelling at issue.

### 3. Unjust Enrichment

Defendant argues that Plaintiffs' unjust enrichment claims should be dismissed because "[b]efore a party can avail himself or herself of a federal court's equitable jurisdiction, the party must plead facts plausibly establishing his or her legal remedies are inadequate" and Plaintiffs have failed to allege inadequate remedies at law. ECF No. 7-1 at 5.

Plaintiffs' claims are brought under California law (as to Valenta) and Florida law (as to Vasquez). "[A] plain, adequate and complete remedy at law must be wanting for a federal court to exercise its equity powers, even in cases where a State may authorize its courts to give equitable relief unhampered by a similar restriction. This limitation on the equitable powers of federal courts therefore applied in diversity cases as well." *Ruiz v. Bradford Exch., Ltd.*, 153 F.4th 907, 910 (9th Cir. 2025) (citation and internal quotation marks omitted). A plaintiff must "plead 'the basic requisites of the issuance of equitable relief' including 'the inadequacy of remedies at law[.]'" *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (citing *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).

The SAC fails to allege any facts that would establish that Plaintiffs have an inadequate remedy at law with respect to their claims for monetary damages under the CLRA or FDUTPA. Thus, Plaintiffs' unjust enrichment claim is subject to dismissal. *See In re Apple Processor Litig.*, No. 22-16164, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023) (affirming district court where plaintiff failed to "allege that they had no adequate

legal remedy in order to state a claim for equitable relief"); *Sonner*, 971 F.3d at 841 (holding that because plaintiff "fails to establish that she lacks an adequate remedy at law, we hold, albeit on alternative grounds, that the district court did not err in dismissing [plaintiff's] claims for equitable restitution"); *Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996) ("It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law[.]") (citation omitted); *McKinney v. Corsair Gaming, Inc.*, No. 22-CV-00312-CRB, 2022 WL 2820097, at *10 (N.D. Cal. July 19, 2022) (dismissing plaintiffs' equitable claims because they did not plead that their damages are inadequate).

### C. Leave to Amend

"Rule 15(a) declares that leave to amend shall be freely given when justice so requires[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). At the same time, "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011) (citation omitted). "[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (citation omitted).

The Court grants Plaintiffs leave to file a Third Amended Complaint that addresses the pleading deficiencies identified herein as to Plaintiffs' unjust enrichment claim. The Court concludes that amendment would be futile as to the other ground for dismissal stated herein, namely, lack of standing by Valenta and Vasquez to pursue claims based on products they did not purchase.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss [ECF No. 7]. Neither Plaintiff has standing to pursue individual claims based on products they did not purchase. Claim Two (CLRA) is **DISMISSED** as to plaintiff Vasquez. Claim Three (unjust enrichment) is **DISMISSED**

with leave to amend as to both Plaintiffs.

If Plaintiffs choose to file a Third Amended Class Action Complaint, they must do so within *seven (7) days* of the date of this order.

**IT IS SO ORDERED**.

Dated: November 20, 2025

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge